**BURLINGTON HOSPITAL, BURLINGTON, IOWA, et al., Plaintiffs,**

v.

**CHARLES PFIZER & COMPANY, Inc., et al., Defendants, Des Moines General Hospital Company, Des Moines, Iowa, et al., Intervenors.**

No. 69 Civ. 1136.

United States District Court
S. D. New York.
Sept. 15, 1969.

WYATT, District Judge.

This is a motion for Cass County Memorial Hospital (of Atlantic, Iowa) and 43 other hospitals in Iowa for an "order approving their intervention" as parties plaintiff in this action. The motion seems to be under Fed.R.Civ.P. 21 or 24(b) or both. All of the parties to this action have stipulated that they have no objection to these movants being allowed so to intervene.

This action is one of the many commenced against the same defendants in many districts charging violations of the antitrust laws in respect of broad spectrum antibiotic drugs.

One such action was commenced as a class action by the State of Iowa (the "Iowa action") on January 17, 1968 in the United States District Court for the Southern District of Iowa (8–2130–C–2).

By order filed October 21, 1968 the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407 transferred the Iowa action to this District (where it was given the file number 68 Civ. 4297).

Under date of February 6, 1969, defendants made offers of settlement of all claims. The offer divided the various claims into two separate groups: (a) those made by government entities and agencies (hospitals, prisons, etc.), by wholesalers and retailers, and by individual consumers; and (b) those made by private hospitals. The offer was $100,000,000 for all claims in group (a) and $20,000,000 for all claims in group (b).

The Iowa action asserted claims entirely within group (a) of the settlement offer.

On February 7, 1969, Burlington Hospital (of Burlington, Iowa) and a number of other Iowa hospitals commenced the action in which the present motion is made (the "Burlington action"). The action was commenced in the United States District Court for the Southern District of Iowa (8–2328–C–1). The complaint averred that plaintiffs were "non-profit corporations or organizations * * * and are the owners and operators of hospitals in Iowa" and that the action was brought as a class action for themselves and "other non-governmental hospitals in * * * Iowa". From this it appears that the action was

by and for private hospitals and asserted claims entirely within group (b) of the settlement offer. The State of Iowa is not a party to the Burlington action.

On March 4, 1969, "plaintiffs" filed in the District Court in Iowa in this action what was described as "first amendment to complaint" and which purported to add a "Division II" to the complaint and to add 14 plaintiffs "in Division II". These named 14 plaintiffs are among the 44 present movants. The addition to the complaint described the 14 added plaintiffs as "public hospitals" (governmental) and that they were representing a class of all governmental hospitals in Iowa. The attempted new claims were thus within group (a) of the settlement offer. The attempted representation of the class described conflicted with the purported representation of the same class in the Iowa action. It would appear, however, that the "first amendment to complaint" accomplished nothing because no order was obtained; without an order, no parties can be added either under Fed.R.Civ.P. 21 or 24. Without any new parties, the attempt to state a claim for the class of governmental hospitals failed, since no representative of such hospitals was a party to the action.

By order filed March 11, 1969, the Judicial Panel on Multidistrict Litigation under 28 U.S.C. § 1407 transferred the Burlington action to this District (where it has been given the file number 69 Civ. 1136).

On April 21, 1969, a United States District Judge in the Southern District of Iowa made an order granting leave to intervene in the Burlington action to Des Moines General Hospital Company (of Des Moines, Iowa) and 4 other hospitals, making them parties to the action and authorizing them to file a complaint "instanter". It would seem that the form of order was submitted ex parte. On the same day—April 21—an "intervenor's complaint" was filed in Iowa

from which it cannot be told with certainty whether the "intervenors" are governmental or private hospitals but it is a safe assumption that they are private hospitals and thus situated similarly to the original plaintiffs herein. On the same day there was filed in Iowa an appearance of Lex Hawkins, Esq., as "Attorney of record for all plaintiffs in Division I and Division II as amended".

The Burlington action having been transferred to this District on March 11, 1969, it thereafter ceased to be pending in the Southern District of Iowa. Since March 11, 1969, there has been no jurisdiction in the District Court in Iowa to make any orders or accept any papers for filing. Evidently the interested parties came to realize this and eventually an order was made by this Court on stipulation which gave the same relief to Des Moines General Hospital Company and the other 4 hospitals as had been sought in the District Court in Iowa.

The time came when this Court had to determine which of the many actions here commenced or transferred should be maintained as class actions, etc., at least for administering the settlement offer. Fed.R.Civ.P. 23(c) (1) and (2).

On April 23, 1969, there were filed in this Court in the Burlington action two papers: a motion by 40 of the 44 present movants (governmental hospitals) "to designate a subclass and representation thereof" and a motion "to clarify proposed order". The caption was that of the Burlington action with the file number of the Burlington action in Iowa but with the file number in this Court "68 Civ. 4297" which is that of the Iowa action. (This was doubtless an inadvertence and the papers have been corrected to show the file number in this Court of the Burlington action 69 Civ. 1136.) The caption was also laid in the District Court in Iowa; the situation is somewhat confusing but during the period of transfer it is believed better practice to lay the caption in the transferee court where the action is pending.

On April 28, 1969, "plaintiffs" filed in the District Court in Iowa a paper entitled "second amendment to complaint". This purported to add as plaintiffs 19 of the 44 present movants; apparently these 19 are different from the 14 governmental hospitals purported to be added as plaintiffs by the March 4 "first amendment". The Clerk of the District Court in Iowa sent to the Clerk of this Court a "certified copy" of the "second amendment" and the improper filing in Iowa can probably be disregarded. For the reasons given in connection with the "first amendment", it is clear that the April 28 "second amendment" accomplished nothing.

The conflict between the Iowa action and the Burlington action was further aired at a hearing in this Court on April 29, 1969 (SM 11–19, 174–177).

This Court then filed an order in all the actions on May 26, 1969. The effect of this order for present purposes was to designate the Iowa action as a class action for all governmental hospitals in Iowa; the order provided, however, that if any such governmental hospitals had commenced by June 10, 1969 actions directly on their own behalf they might proceed "with the direct representation" (as opposed to class representation) "involved in their actions".

On June 9, 1969, "plaintiffs" filed in the District Court in Iowa a paper entitled "second amendment to complaint". This, of course, was not the fact; if anything, the paper was a third amendment. The paper purported to add as plaintiffs 30 of the 44 present movants; time does not permit comparison of the names with those in the earlier papers; there appear to be duplications and what was sought to be accomplished does not appear. In any event, for the reasons already given, it is clear that the June 9 "second amendment" accomplished nothing.

A duplicate original of the June 9 "second amendment" was filed in this Court on June 10, 1969.

In the Iowa action, this Court filed an order on June 16, 1969, providing for notice to the classes represented (including government hospitals such as these 44 present movants). Such notice was given to these present movants. The notice gave all members of the class, including movants, an opportunity to request exclusion. These movants (with one exception) did not request exclusion, being advised that an action had been commenced directly on their behalf—namely, the Burlington action in which some of them had attempted to intervene by "amendments"—and thus that they could proceed with the "direct representation" in this Burlington action as provided in the May 26 order. In this they were mistaken, as already indicated; no action had been commenced on their behalf by June 10, 1969 nor since. Even if the purported amendments were effective to commence an action (which they were not), only a maximum of 33 of the present 44 movants would seem to be included therein.

This motion was heard in open Court on September 12, 1969. The situation is unusual in that all parties to this Burlington action consent to the motion. It is opposed only by counsel for the State of Iowa which, as movants point out, has no standing in the matter. This is true only in a technical sense, however, and the State of Iowa would be heard as amicus curiae in any event. All these cases here commenced or transferred must be dealt with, not separately but as a whole; that is the very purpose for their concentration in one District for pretrial purposes.

The best solution in my judgment is to deny the present motion to intervene and to accept the fact that these movants are members of a class represented in the Iowa action but to permit and to note their appearance in the Iowa action through their own counsel. An order to that effect will be made in the Iowa action. This procedure is somewhat akin to that provided for in Fed.R.Civ.P.

23(c) (2) (C) and in any event is within the authority of this Court over all pretrial proceedings. The failure to enter an appearance by August 1, as required by the June 16 order, will be disregarded. The request for exclusion of one movant—Clarinda Municipal Hospital of Clarinda, Iowa—will be treated as made under mistake (that an action on its behalf had been commenced by June 10, 1969) and is set aside.

 In this way these movants can be effectively represented by their own counsel in the Iowa action which is a more natural place for them to be heard because the Iowa action involves only claims in group (a) of the settlement offer, such as those of movants. The present plaintiffs in the Burlington action are private hospitals whose claims are in group (b) of the settlement offer and have nothing in common with the claims of movants. It is better, at least for the administration of the settlement offer, that the Burlington action remain as one for private hospitals only.

The attitude of movants and of the State of Iowa toward the settlement offer is the same, up to the present time.

The motion is denied.

So ordered.